Good morning, Your Honors, and may it please the Court, I think I'm the last lawyer today so I'll be as brief as I possibly can. Your Honors, the District Court erred in dismissing this case on race judicata grounds when the critical underlying claim in the prior case was never decided on the merits, that being fraud. In 2019, my client filed a state court claim that was essentially for breach of contract and for fraud. The fraud claim was dismissed on the basis that it was duplicative of the breach of contract claim and therefore it was never addressed on the merits. The claim for breach of contract went on to the First Department Court of Appeals, at which point that was dismissed on the grounds of violation of the usury laws. The point is the fraud claim was never, ever addressed on the merits by any court. Did you also have the ability at that point to bring a RICO claim or not? I mean, when you refer to a fraud claim, it's somewhat different from the RICO, which deals with several different frauds that you now claim were perpetrated by Mr. Schreiber, right? That's right, Your Honor. And in theory, yes, a RICO claim could have been brought at that time, no doubt. But our second argument is that my client didn't have the knowledge he needed in order to bring it because one of the underlying frauds that could have been brought either as a fraud or as a predicate to a RICO claim is this idea that Mr. Schreiber was misusing the laws of the state of New York, the usury laws, in order to come up with a scheme that allows him to borrow money at usurious rates and not pay it back with the intent of doing that from the beginning. And my client didn't know about that possibility even until… Why not? Didn't he have multiple such loans personally? I'm sorry, Your Honor. Why not? Why would he not have known that or had reason to know that when he had five loans from him already? He did not know that Mr. Schreiber was setting up these loans, was designing these loans to be unenforceable under the laws of the state of New York. And he did not know that until the state court matter was litigated and this was raised in a motion to dismiss and then raised in the first department. That is essentially our second argument. Our first argument is that when a claim is dismissed as duplicative, it cannot be the basis of a race judicata case. We cite the court to the case of S.H. and Helen, which we think is definitive on this. If something is dismissed as duplicative, it can't be the basis for a claim preclusion. And, Your Honor, that simply makes sense. I guess I'm still struggling with why he did not have all the factual information he needed because all of the conduct, the RICO claim, arises from the same transaction or series of transactions. Why didn't your client have that information to be able to even amend his state claim to bring the RICO claim? I'm struggling with that. I understand, Your Honor. The fifth predicate basis for the RICO claim is that Mr. Schreiber intended to, from the very beginning, misuse the usury laws of the state of New York to lure my client into a position where he had unenforceable debts. And he knew that from the beginning. My client didn't realize that until after he had sued, until after the fraud claim. No, I mean, he wouldn't realize it as soon as Schreiber refused to pay the first time. He didn't refuse to pay, Your Honor, on the basis that the claims were usury. He just refused to pay. In fact, he didn't just refuse to pay. He paid some. He said he would pay more. He tried to lure into other deals. Is it possible that the RICO claim actually wasn't ripe at the time because you had the ongoing debt collection proceedings? Thank you, Your Honor. And we have said in at least one instance that claims in the RICO context claims for lost debt injuries in the form of an owed but as yet uncollected amount are unripe when parallel proceedings to collect the amount owed are ongoing in another forum. Yes, Your Honor. And thank you for getting there ahead of me. I was going to cite the First Nationwide Bank, which is from the Second Circuit, from 1994 for that exact point. The point is that as long as contractual collections activities are underway, a RICO claim is unripe. So that means you could actually not have brought the RICO claims at the time that your debt collection proceedings were ongoing. Not the RICO claims we brought now, yes, Your Honor. That is correct. And that is one of our underlying points that under that precedent from the Second Circuit that the claim for RICO was not, in fact, ripe at that time because the whole department, the First Department activity, the state court activity were all part of the contractual collection activities. And, therefore, it couldn't have been brought at that time. What was the case you were just referring to at First National Bank? First Nationwide Bank versus GELT funding. Oh, I got it. Yes, Your Honor. It was in the briefing. Your Honor, I just think that the district court has stretched res judicata way too far. That should be used for the basis of not doing duplicative claims. My client never got a chance to bring his underlying fraud claims or his RICO claims before this, and res judicata just should not apply here. We would ask the court to overturn the district court. Thank you, counsel. Thank you, Your Honor. We'll take the case under question.